**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| KEVIN H. HUDSON, an individual, ) | CASE NO.: 6:04-CV-892-ORL-31-JGG |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| INTERNATIONAL COMPUTER ) | |
| NEGOTIATIONS, INC., a Florida ) | |
| corporation, ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT INTERNATIONAL COMPUTER NEGOTIATIONS, INC.'S**
**MOTION FOR ORDER OF ENTITLEMENT TO ATTORNEY'S FEES**

Pursuant to Fed. R. Civ. P. 54(d)(2), Local Rule 4.18(a), and the Court's Order dated January 11, 2006, Defendant International Computer Negotiations, Inc. ("ICN") files its Motion for Order of Entitlement To Attorney's Fees, and states as follows:

1.  Plaintiff Kevin H. Hudson ("Hudson") filed this action against ICN alleging, inter alia, claims arising under the Employee Retirement and Income Security Act, 29 U.S.C. Section 1000, et seq., and the Florida Civil Rights Act, Florida Statute Section 760 et seq.

2.  On November 16, 2005, the Court entered an Order granting ICN's motion for summary judgment in full. Hudson took a timely appeal.

3.  On December 7, 2005, ICN filed a Motion for Order of Entitlement to Attorney's Fees (the "Motion"). On January 11, 2006, the Court entered an Order denying ICN's Motion without prejudice but also providing that ICN could reassert the Motion upon the conclusion of Hudson's appeal.

4.    On April 28, 2006, the Eleventh Circuit Court of Appeals affirmed in full this Court's Order granting ICN's motion for summary judgment. On May 30, 2006, the mandate issued.

5.    The Court should enter an order that ICN is entitled to recover its reasonable attorney's fees against Hudson, his trial counsel, and his appellate counsel, as appropriate, pursuant to 29 U.S.C. Section 1132(g)(1), Florida Statute Section 760.11(5), and 28 U.S.C. Section 1927, for both the underlying case and the appeal. ICN's attorney's fees for the underlying case approximate $85,000.00. ICN's attorney's fees for the appeal approximate $30,000.00.

6.    ICN requests that the Court enter an Order entitling ICN to an award of reasonable attorney's fees for the trial and appeal, and setting a schedule for the submission of fact and expert affidavits for the Court's consideration, and/or setting an evidentiary hearing, in order to liquidate the sums to be awarded.

7.    In further support of its request, ICN is simultaneously filing and serving its Memorandum of Law.

WHEREFORE Defendant International Computer Negotiations, Inc. prays this Honorable Court will grant its Motion for Order of Entitlement to Attorney's Fees, and either set a schedule for the submission of fact and expert affidavits and/or schedule an evidentiary hearing to determine the sums to be awarded, and will enter its Order accordingly.

        **LITCHFORD & CHRISTOPHER**
        Professional Association
        Bank of America Center
        390 North Orange Avenue
        Post Office Box 1549
        Orlando, Florida 32802
        Telephone: (407) 422-6600
        Telecopier: (407) 841-0325
        Attorneys for Defendant

By: /s/ G. Steven Fender
     G. Steven Fender
     Florida Bar No.: 060992
     gsf@litchris.com

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(G)

I HEREBY CERTIFY that counsel for Defendant International Computer Negotiations, Inc. has conferred with counsel for Plaintiff Kevin H. Hudson in a good faith effort to resolve the issues raised by this Motion and counsel cannot agree on the resolution of the Motion.

        /s/ G. Steven Fender
        G. Steven Fender

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Basyle J. Tchividjian, Esquire (boz@landispa.com), and Craig L. Berman, Esquire (cberman@tampabay.rr.com).

        /s/ G. Steven Fender
        G. Steven Fender