**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN H. HUDSON,**

        **Plaintiff,**

-vs-                                       **Case No. 6:04-cv-892-Orl-31JGG**

**INTERNATIONAL COMPUTER**
**NEGOTIATIONS, INC.,**

        **Defendant.**

## ORDER

Kevin Hudson ("Hudson") filed a lawsuit against his former employer, International Computer Negotiations, Inc. ("ICN"), asserting, *inter alia*, claims arising under the Employee Retirement and Income Security Act, 29 U.S.C. section 1001, *et seq.* ("ERISA"), and the Florida Civil Rights Act, Florida Statute section 760, *et seq.* ("FCRA"). On November 16, 2005, the Court granted ICN's Motion for Summary Judgment (Doc. 49) on Hudson's claims, and closed the case. (Doc. 72). Hudson subsequently appealed the Court's decision to the Eleventh Circuit Court of Appeals, which affirmed this Court's decision. (Doc. 112). This matter is presently before the Court on ICN's Motion for Attorney's Fees (Doc. 114), and Memoranda in Opposition thereto filed by Hudson and his attorney (Docs. 118 and 117, respectively).

ICN seeks attorney's fees under ERISA section 29 U.S.C. section 1132(g)(1), FCRA, and 28 U.S.C. section 1927, arguing that Hudson and his attorney brought this case and subsequently acted in bad faith, the claims were frivolous, unreasonable and without foundation, and that the claims were vexatious and brought solely to harass ICN. Hudson argues that no award of fees

should be made because the case was not frivolous or retaliatory, and his claims were supported by evidence or reasonable inferences therefrom. Hudson's attorney argues that an award of fees should not be made against him because this Court cannot award fees relating to the appeal, he did not act in violation of Section 1927, and the claims were not unreasonable or vexatious and did not multiply the proceedings.

**I.      Legal Analysis - Attorney's Fees**

     A. Attorney's Fees Under ERISA

In actions brought pursuant to ERISA, 29 U.S.C. section 1132(g)(1) provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This language clearly provides the courts with discretion to make such an award, and the law provides no presumption in favor of granting attorney's fees to the prevailing party. *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001); *Blankenship v. SmithKline Beecham Corp.*, 2004 WL 3554969 at *2 (S.D. Fla. Aug. 16, 2004); *Kobold v. Aetna U.S. Healthcare, Inc.*, 258 F. Supp. 2d 1317, 1325 (M.D. Fla. 2003). When considering whether to award attorney's fees in an ERISA case, courts are to consider the following five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and (5)] the relative merits of the parties' positions.

*Wright*, 270 F.3d at 1344 (internal citations and quotation omitted); *see also Harrison v. United Mine Workers of Am. 1974 Benefit Plan & Trust*, 941 F.2d 1190, 1193 (11th Cir. 1991). No single factor is decisive, and, indeed, some may not be relevant in a particular case, whereas other

considerations may also (or instead) be relevant, depending on the circumstances. *Wright*, 270 F.3d at 1345; *Kobold*, 258 F. Supp. 2d at 1325.

> B. Attorney's Fees under FCRA

FCRA provides, in relevant part, that

> [i]n any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.

Fla. Stat. § 760.11(5). A district court in a Title VII action may,

> in its discretion, award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).[1] The Court must examine three factors when determining whether to assess attorney's fees:

> (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

*Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996). The standard for awarding fees to a prevailing defendant is stringent because, for example, it must be shown that the plaintiff's claims were frivolous because they were so lacking in merit as to be groundless or without foundation. *Boler v. Space Gateway Support Co. LLC*, 290 F.Supp.2d 1272, 1279 (M.D. Fla. 2003).

---

[1] "Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422 (emphasis in original).

C. Analysis

In this case, the Court found that Hudson was unable to satisfy the burden of both his ERISA and FCRA claims, in that: (1) he based his ERISA claim on an assumption, and maintained that claim in the face of evidence refuting that assumption; and (2) he failed to establish that he had a disability in order to support his FCRA claim. (Doc. 72 at 9-12). The Court further found that these claims appeared to be little more than a retaliatory action and that such a conclusion, combined with Hudson's patent inability to support his claims, made those claims essentially frivolous.[2] (*Id*. at 12). The Court thus determined, prior to trial, not only that Hudson failed to establish a *prima facie* case, but also that his claims appeared meritless. There does not appear to have been an offer to settle in this case. (*See* Doc. 115 at 15). Clearly the elements for an award of attorney's fees under FCRA have been satisfied.

Although Hudson disputes his ability to pay an award of fees, (*see* Doc. 118 at 15), his attorney has not done so.[3] The only remaining element of the ERISA analysis that is relevant to this case is whether an award of attorney's fees would deter other persons acting under similar circumstances, and the Court believes that such an award in this case could prevent future Plaintiffs from filing frivolous retaliatory ERISA cases. Accordingly, the analysis for an award of attorney's fees under ERISA also weighs in favor of ICN, particularly as to an award against Hudson's counsel.

---

[2] The Eleventh Circuit affirmed this Court's decision, and, in doing so, cited directly to this Court's findings that Hudson was utterly unable to support his claims and that those claims were little more than frivolous. (Doc. 112 at 3).

[3] The Court will consider this issue at a subsequent hearing. *See infra*.

**II.     Legal Analysis - Sanctions**

Title 28 U.S.C. section 1927 provides, in relevant part, that

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Section 1927 is penal in nature.  *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1311 (M.D. Fla. 2002).  That section

> sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.

*Id*. at 1312 (internal citations, quotations and punctuation omitted).  "Vexatious conduct" is defined as conduct "lacking justification and intended to harass."  *Id*. (internal citations and quotation omitted).  When considering the imposition of sanctions, "merely unintended, inadvertent, and negligent acts will not support the imposition of sanctions under § 1927;"[4] instead, sanctions should only be imposed "in instances of a serious and studied disregard for the orderly processes of justice."  *Id*.  Finally, it is clear that courts may "assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith."[5]  *Id*. (internal citations and quotation omitted).

---

[4] "The Eleventh Circuit has said that something more than lack of merit is required for imposition of sanctions under § 1927."  *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1053 n.16 (M.D. Fla. 2003).  The standard for bad faith, and for conduct tantamount to bad faith, is higher than the standard for mere frivolousness.  *Boler*, 290 F. Supp. 2d at 1285.

[5] A finding of bad faith is appropriate where counsel knowingly or recklessly raises a frivolous argument.  *Scelta v. Delicatessen Support Servs., Inc.*, 146 F. Supp. 2d 1255, 1271 (M.D. Fla. 2001).

The Court begins its analysis with the conclusion reached above, namely, that these claims were frivolous and the product of an improper motive (retaliation).  Next, the Court examines the manner in which Hudson's attorney prosecuted this matter.  ICN was forced to file three separate motions to compel the production of documents, complete answers to interrogatories, and Rule 26 disclosures.[6]  (Docs. 19, 21 and 23).  The Court granted those motions, (Docs. 32, 40), but Hudson failed to comply with at least one of them, so ICN had to file a motion to compel his compliance with the Court's Order compelling Rule 26 disclosures, (Doc. 33), in connection with which ICN sought sanctions.  The Court also granted that motion to compel and awarded attorney's fees.  (Doc. 37).  This pattern of action (or inaction) is relevant to the Court's inquiry.

Finally, the Court addresses the representations and arguments made to the Court in Hudson's response to ICN's summary judgment motion, several of which stand out.  First, Hudson's Response attempts to infer from Wallace's purported knowledge of Hudson's request for benefits information that Auer also was aware of Hudson's request.  (Doc. 66 at 6-7, 17-18).  Not only does such an inference defy any semblance of logic, but the evidence presented (from which the Court was able to make clear findings of fact), distinctly demonstrates that Rosenblum, the only person with whom Hudson spoke about his benefits, did not advise Auer of Hudson's request, and Hudson even admitted that he did not know if Rosenblum said anything about the subject to Auer.  (Doc. 72 at 4).  Next, Hudson's Response asserted that Hudson suffered from major

---

[6] ICN stated that Hudson's answers to certain interrogatories were woefully insufficient, and that Hudson refused to supplement his answers to other interrogatories.  (Doc. 21 at 1-2).  ICN also stated that Hudson's disclosures were inadequate, particularly as to his claim for damages.  (Doc. 24 at 2).  Finally, ICN stated that Hudson failed to produce any documents in response to ICN's requests for production, and that Hudson made improper objections to certain requests.  (Doc. 25 at 1).

depression which substantially limited his major life activities. (Doc. 66 at 13). The Court concluded, however, that there was "no evidence to demonstrate that the depression from which he suffers substantially limits a major life activity, in particular, his ability to work," and that he was able to fully function in life. (Doc. 72 at 11, n.24). Finally, Hudson's Response asserted that Hudson was discharged because of a perceived disability, (Doc. 66 at 12), despite clear evidence that Auer terminated Hudson because of dissatisfaction with various aspects of Hudson's performance and that Auer did not make his decision to terminate Hudson based on Hudson's admission that he suffered from depression. Indeed, the Court found that Hudson failed to establish either that Auer was aware of a record of substantial impairment on Hudson's part or that Auer believed Hudson's depression foreclosed him from performing his job. (Doc. 72 at 11, n.25).

When it becomes apparent that discoverable evidence does not support a litigant's claim, the litigant and his counsel have a duty to discontinue their efforts, *Scelta*, 146 F. Supp. 2d at 1271, and the continued intentional prosecution of an action that lacks a plausible legal or factual basis may be considered unreasonable, vexatious to the judicial process, and tantamount to bad faith.[7] *Torres*, 264 F. Supp. 2d at 1055. Despite Hudson and his counsel's assertions to the contrary, it seems clear to the Court that Hudson's claims were questionable at best when they were made. Although discovery revealed (or should have revealed) an almost complete lack of factual support for his claims, Hudson and his counsel nevertheless pressed on, attempting to create arguments to support their untenable position.

---

[7] *Compare Boler*, 292 F. Supp. 2d at 1285 (although counsel filed groundless claim, he did not act vexatiously or unreasonably to multiply the proceedings because, *inter alia*, when discovery revealed that evidence did not bear out the claim, counsel and plaintiff discontinued their efforts).

While no one consideration, standing alone, would be sufficient for the Court to impose sanctions under Section 1927, the Court finds that in combination, the frivolous nature of the claim, Hudson's retaliatory motive, counsel's handling of the case particularly as it relates to discovery, and the continued efforts to support the claims in the face of both a lack of supporting evidence and clear evidence to the contrary, warrant the imposition of sanctions.

### III.    Fees and Sanctions Related to Hudson's Appeal

Hudson's counsel argues that this Court cannot impose sanctions under Section 1927 for matters related to the appeal to the Eleventh Circuit. The Eleventh Circuit, however, transferred consideration of the issue of appellate attorney's fees to this Court. (Doc. 119 at 1). On appeal, Hudson raised virtually the same arguments before the Eleventh Circuit as those presented to this Court. Indeed, it appears that the only real difference in the filings before this Court and the more lengthy filings on appeal is the amount of paper Hudson devoted to his frivolous arguments. Ultimately, Hudson and his counsel presented groundless claims to this Court and then re-raised those same arguments before the Eleventh Circuit, which affirmed this Court's judgment, highlighting in its conclusion that Hudson's claims were frivolous and that he was utterly unable to support them. It is, therefore, apparent to this Court that the appeal of this Court's judgment was a continuation of the unreasonable and vexatious prosecution of groundless and frivolous claims. Accordingly, ICN is entitled to attorney's fees related to the appeal of this matter to the Eleventh Circuit.

### IV.    Conclusion

For the reasons stated herein, the Court finds that both Hudson and his counsel are liable for sanctions, measured by the fees and costs ICN incurred in defending this action before the trial and appellate courts. Accordingly, it is

**ORDERED THAT** ICN's Motion for Attorney's Fees (Doc. 114) is GRANTED. ICN shall have thirty days from the date of this Order to submit evidence in support of the amount of fees it claims, to which Hudson and his counsel shall have an additional twenty days to respond. The Court will conduct an evidentiary hearing on September 26, 2006 at 2:00 p.m. to consider the appropriate sanctions as to Hudson and his counsel.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 20, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party