**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| KEVIN H. HUDSON, an individual, ) | CASE NO.:  6:04-CV-892-ORL-31-JGG |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| INTERNATIONAL COMPUTER ) | |
| NEGOTIATIONS, INC., a Florida ) | |
| corporation, ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT INTERNATIONAL COMPUTER NEGOTIATIONS, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S COUNSEL, BASYLE J. TCHIVIDJIAN'S
MOTION FOR RECONSIDERATION OF
THE ORDER ENTERED BY THIS COURT ON JULY 20, 2006**

Pursuant to Local Rule 3.01(b), Defendant International Computer Negotiations, Inc. ("ICN") submits its Memorandum of Law in Opposition to Plaintiff's Counsel, Basyle J. Tchividjian's Motion for Reconsideration of the Order Entered by this Court on July 20, 2006 (the "Order").

The Court is obviously aware of what it considered in entering its Order on July 20, 2006. While the Order does not make express reference by document number to Mr. Tchividjian's Memorandum of Law in Opposition to ICN's Motion For Attorney's Fees (the "Opposition"),[1] the Court, throughout the Order, does address and analyze the exact issues raised in Mr. Tchividjian's Opposition. In particular, the Court thoroughly addresses those

---

[1] Mr. Tchividjian's Opposition is found at doc. no. 116, though it was filed as though it was on behalf of the Plaintiff Kevin H. Hudson ("Hudson").

issues pertaining to retaliatory motive (which the Court had already found in its Order granting summary judgment at doc. no. 72), and the manner in which discovery was handled on the Plaintiff's side of this case. Thus, it appears the Court considered Mr. Tchividjian's Opposition, even if ministerially, the Order does not make express reference to it.

In the event the Court inadvertently overlooked Mr. Tchividjian's Opposition, the Court should not change the ultimate findings or rulings made in the Order after considering the Opposition. Every argument raised in Mr. Tchividjian's Opposition was raised in Hudson's own Memorandum of Law in Opposition found at doc. no. 118, and that of Mr. Tchividjian's co-counsel found at doc. no. 117. *Compare* Hudson's Opposition at doc. no. 118 at pp. 3-4 *with* Mr. Tchividjian's Opposition at doc. no. 116 at pp. 12-13. All Mr. Tchividjian's Opposition seems to add is that with respect to his and Hudson's evasion of basic discovery obligations, he and Hudson actually voluntarily answered some of ICN's contention interrogatories prior to ICN filing one of its motions to compel (which of course ignores the multiple Local Rule 3.01(g) conferences it took to obtain those answers prior to filing the motion on those which they refused to supplement), and that despite two orders compelling basic Rule 26 disclosures, Hudson and his counsel did not think the first two attempts to make such were so bad as to now merit sanctions. *See* Mr. Tchividjian's Opposition at doc. no. 116 at pp. 3-5. The Opposition does not address why four Orders of the Court were required to obtain basic discovery responses. Mr. Tchividjian's Opposition certainly does not come close to meriting the Court changing or altering the findings or the rulings set forth in the Order. This case and its issues are well-known to the Court.

For all of the foregoing reasons, the Court should not change or alter the findings set forth in the Order, or the associated rulings.  Accordingly, the Court should deny Mr. Tchividjian's Motion for Reconsideration of the Order Entered by this Court on July 20, 2006, either on the grounds that the Opposition was considered in connection with entering the Order, or once considered, it is not sufficient to change or modify the Order.

        **LITCHFORD & CHRISTOPHER**
        Professional Association
        Bank of America Center
        390 North Orange Avenue
        Post Office Box 1549
        Orlando, Florida 32802
        Telephone:  (407) 422-6600
        Telecopier:  (407) 841-0325
        Attorneys for Defendant

By: /s/ G. Steven Fender
        G. Steven Fender
        Florida Bar No.: 060992
        gsf@litchris.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Basyle J. Tchividjian, Esquire (boz@landispa.com), and Craig L. Berman, Esquire (cberman@tampabay.rr.com).

        /s/ G. Steven Fender
        G. Steven Fender