# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEVIN H. HUDSON, an individual,   )   CASE NO.: 6:04-CV-892-ORL-31-JGG

              Plaintiff,   )

-vs-   )

INTERNATIONAL COMPUTER   )
NEGOTIATIONS, INC., a Florida   )
corporation,   )
              Defendant.   )
_____   )

## AFFIDAVIT OF TERRY C. YOUNG
## REGARDING REASONABLE ATTORNEYS' FEES

STATE OF FLORIDA

COUNTY OF ORANGE

BEFORE ME, the undersigned authority, personally appeared **TERRY C. YOUNG**, who after being duly sworn under oath to tell the truth, deposes and says as follows:

1.     I am over the age of eighteen years and otherwise fully competent to offer testimony in this proceeding.

2.     I am a member in good standing of The Florida Bar. I was admitted to The Florida Bar in 1976, to the United States District Court for the Middle District of Florida in 1977, to the United States Court of Appeals for the Eleventh Circuit in 1983, and to the United States District Court for the Southern District of Florida in 1984. I have practiced law continuously in state trial and appellate courts, primarily in the Orlando and Central Florida areas, since November 1976, and in federal court since January 1977. Over the years, my

practice has been concentrated in the area of complex civil litigation, specifically including, from time to time, litigation involving labor and employment law matters.

3.     Apart from my experience, my background includes other pertinent factors that may be considered in connection with my qualifications to render an opinion concerning attorneys' fees in this case. In particular, I have handled approximately two dozen non-compete cases involving evidentiary hearings at the preliminary injunction stage, or trials.  In one particular case, I handled a protracted employment litigation matter involving a former Orlando Magic Assistant Coach who sued the Orlando Magic for not only reverse discrimination, but also libel and slander.  That particular case lasted over six years and the second trial which I was lead counsel for the Orlando Magic lasted approximately four weeks.  In addition, I have handled a wide variety of other commercial cases including contract cases, patent infringement cases, commercial fraud cases, trade secret misappropriation cases and, through this experience, I have had the opportunity to become aware of many other lawyers, including co-counsel, opposing counsel, third party counsel's rates as well as the type of work that is reasonable and necessary to handle both state and federal court cases at both the trial and appellate levels.

4.     As a result of my practice, background and experience set forth above, I am familiar with the amount of time and work reasonably required or involved in the prosecution or defense of an employment case similar to the case now before the Court.

5.     I have been requested by counsel for the Defendant International Computer Negotiations, Inc. ("ICN") to render an opinion as to reasonable attorneys' fees incurred by its counsel in the defense of this action through appeal. In preparation for these tasks I have:

     (a)    reviewed applicable case law;

(b)     critically reviewed and analyzed the Affidavits of G. Steven Fender and the attached statements that itemized billable hours including the individuals responsible for each entry;

(c)     reviewed the pleadings, motions, memoranda, orders and other filings from the litigation files and discovery materials maintained by the Defendant's counsel that I believed were necessary for me to understand the case and otherwise to render an opinion as to reasonable attorneys' fees and costs; and

(d)     discussed the case and pertinent issues with counsel for the Defendant, G. Steven Fender.

6.     The prevailing or "market rate" for legal services in Central Florida, similar to those provided by the Defendant's counsel in this case, is at least $250 per hour to $400 per hour for attorney services, $95 per hour to $130 per hour for paralegal services, and $90 per hour to $110 per hour for law student/law clerk services. This prevailing rate is charged in Central Florida by lawyers of reasonably comparable skill, experience, and reputation for legal services similar to those rendered by the Defendant's counsel.

7.     Based on my review of the above-referenced file, the hourly billing rates charged to the Defendants by the various lawyers and paraprofessionals involved in this case have been:

| | |
|---|---|
| G. Steven Fender | $235 (through December 31, 2005)<br>$260 (after December 31, 2005) |
| David G. Lerner | $250 (through December 31, 2005)<br>$275 (after December 31, 2005) |
| Christine M. Ho | $115 (through December 31, 2005)<br>$145 (after December 31, 2005) |
| Hutch H. Hicken | $115 (through December 31, 2005)<br>$130 (after December 31, 2005) |

Lori L. Lorenzo (law clerk)    $105

Ryan L. Baker (law clerk)    $100

Paralegals    $90

Such billing rates are well within the prevailing range of billing rates for similar services in Central Florida. In my opinion, the hourly rate which should be used to award attorneys' fees on behalf of the Defendants in this action, considering all the criteria set forth in Rule 4-1.5(B)(1)-(8) of the Rules of Professional Conduct Regulating The Florida Bar, and the factors identified in Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir. 1988) are the eminently reasonable rates actually charged by each of the foregoing professionals.

8.    Computerized summaries of time and invoices maintained by each firm indicate that the personnel identified in paragraph 7 above, expended the following time for the defense of this case for the District Court in this case through July 31, 2006:

| ATTORNEY/PARALEGAL | RATE | HOURS | VALUE IN FEES |
|---|---|---|---|
| G. Steven Fender | $235 | 218.3 | 51,300.50 |
| G. Steven Fender | $260 | 13.8 | 3,588.00 |
| David G. Lerner | $250 | 140.2 | 35,050.00 |
| David G. Lerner | $275 | .4 | 110.00 |
| Christine M. Ho | $115 | 58.8 | 6,762.00 |
| Hutch K. Hicken | $115 | 17 | 1,955.00 |
| Lori L. Lorenzo (law clerk) | $105 | 108.2 | 11,361.00 |
| Ryan S. Baker (law clerk) | $100 | 20.55 | 2,055.00 |
| Paralegals | $90 | 57.55 | 5,179.50 |
| **TOTALS:** | | 634.8 | $117,361.00 |

There are periodic discretionary billing adjustments the Defendant's counsel made in several invoices that total $24,270.26, which are to be deducted from this $117,361.00 sum, for an adjusted total of $93,090.74.

4

9.    Computerized summaries of time and invoices maintained by each firm indicate that the personnel identified in paragraph 7 above, expended the following time for the defense of this case for the Eleventh Circuit Court of Appeals in this case through July 31, 2006:

| ATTORNEY/PARALEGAL | RATE | HOURS | VALUE IN FEES |
|---|---|---|---|
| G. Steven Fender | $235 | .4 | 94.00 |
| G. Steven Fender | $260 | 110.9 | 28,834.00 |
| David G. Lerner | $275 | 3.7 | 1,017.50 |
| Christine M. Ho | $145 | 16.1 | 2,334.50 |
| Hutch K. Hicken | $130 | 1.2 | 156.00 |
| **TOTALS:** | | 132.3 | $32,436.00 |

10.    In determining the reasonable number of hours devoted to the case I took into consideration several factors and features of the fee application, including the following:

(a)    I analyzed the itemizations carefully to determine whether any downward adjustment should be made for "excessive, redundant or unnecessary" work.  Counsel obtained total success for the Defendant, so no time should be trimmed for this reason.  My scrutiny of the itemizations also convinces me that there is no other reason or basis to reduce the hours, particularly with the discretionary billing adjustments that Defendant's counsel made, with the following exception.  On the October 31, 2004 invoice, there is .5 hours billed concerning a subpoena to McDonald's Corporation, which was on a related ICN matter that should not have been billed on the ICN/Hudson Federal matter.  I also noticed a 2-3 month attorney staffing change in the Summer of 2005 from Mr. Fender to Mr. Lerner as the lead attorney on the case.  After inquiry with counsel for the Defendant, and reviewing the related time records and invoices, I note that Mr. Lerner's time for learning the file was deducted from those bills, so I do not believe any further billing adjustment beyond what the Defendant's counsel already reduced would be appropriate.  Mr. Lerner has routinely and successfully prepared motions for summary judgment in Federal discrimination actions, so the staffing change benefited ICN even though

Mr. Lerner's hourly rate is slightly higher than Mr. Fender's.  Almost all of Mr. Lerner's time was devoted to preparing the summary judgment motion in this case and taking the necessary depositions of the Plaintiff, Kevin Hudson and his mental health counselor.   There was a high level of continuity of staffing.  Even though other attorneys worked on this case intermittently, their time entries are relatively minimal and the itemization demonstrates that each attorney performed discrete, non-duplicative services.  Any overlap in services was minimal and, in my opinion, necessary to ensure effective communication among the case team;

(b)     the fee application already reflects many downward adjustments in the exercise of "billing discretion";

(c)     also, in my opinion, co-operation and appropriate division of responsibility occurred between the Defendant's attorneys, which also had the effect of controlling the number of hours that Defendant's counsel was required to devote to this representation;

(d)     the overall credibility of the Defendant's fee application is further enhanced by the highly detailed nature of the itemization of services rendered by each professional employee who rendered services on behalf of the Defendant on a daily basis.  This characteristic makes review a straightforward task.

(e)     in my opinion, the amount of time that was necessarily devoted to the successful presentation of this case was substantially increased by the strategy of the Plaintiff, Kevin Hudson and his counsel.  In reviewing the file, I noted that the Plaintiff was very slow to provide discovery and Rule 26 disclosures of any kind to the Defendant, which required multiple conferences and correspondences, and ultimately, four motions, which were granted.  I note that sanctions were imposed after the Plaintiff failed to make appropriate, and Court-ordered, Rule 26

disclosures as well.  When a case is litigated by one party in this manner, the other party should not be penalized if it prevails and is entitled to fees at the conclusion of the case.

(f)    in my opinion, the Defendant's counsel handled the appeal very efficiently.  I note that the Plaintiff's appellate brief omitted significant portions of the undisputed factual record.  On an appeal from an order granting summary judgment, an entire statement of the undisputed factual record must be set forth in the briefs by an appellant, not just helpful portions.  This substantially increased the burden on the Defendant in this case in its answer brief because a statement of the entire undisputed factual record had to be prepared by the Defendant, when this usually falls on the appellant.  This can increase the amount of hours required to prepare an answer brief, as it did in this case.

11.    As a result of my review of the Affidavit of G. Steven Fender and the time records, it is my opinion that, given the time and labor required, the novelty and difficulty of the issues involved, and the skills which are required to perform this type of legal representation, a total of 650 hours were reasonably expended by the Defendant's counsel and by paralegal/law clerks in this action through July 31, 2006.  The monetary and non-monetary stakes of the case, its heated nature, the outstanding results achieved, the efficient staffing and economy of effort of the case notwithstanding the relatively small size of the firm, the possible preclusion of other representation, and the thoroughness brought to bear on the case all indicate to me that the time devoted to the representation by the Defendant's law firm, totaling 650 hours of attorney and paralegal/law clerk time, is reasonable.

12.    Taking into consideration all the matters set forth above, and evaluating them in the manner specified by applicable Florida and Federal law, a reasonable attorneys' fee to the

firm of Litchford & Christopher, P.A. for services rendered on behalf of the Defendant in defending this lawsuit is $125,000.

13.     Affiant reserves the right to supplement his opinion in this matter to take into account any issue(s) raised by any other expert opinion(s) rendered in this case, as well as to take into account additional attorneys' fees incurred after July 31, 2006.

FURTHER AFFIANT SAYETH NAUGHT.

_____
**TERRY C. YOUNG**

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned authority, personally appeared this _____ day of September, 2006, Terry C. Young, who is personally known to me, who acknowledged executing the foregoing instrument.

_____
Notary Public [signature]

_____
[Name of notary public typed or printed]

Commission No.: _____

Commission Expires: _____

Lynn A. Elston
MY COMMISSION #  DD198460   EXPIRES
March 31, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

0025231\125633\982622\2

8