**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| KEVIN H. HUDSON, an individual, ) | CASE NO.: 6:04-CV-892-ORL-31-JGG |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| INTERNATIONAL COMPUTER ) | |
| NEGOTIATIONS, INC., a Florida ) | |
| corporation, ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT INTERNATIONAL COMPUTER NEGOTIATIONS, INC.'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**BASYLE TCHIVIDJIAN AND LANDIS GRAHAM FRENCH, P.A.'S**
**MOTION TO ADMIT EVIDENCE**
**<u>OF OFFERS OF SETTLEMENT AT MEDIATION</u>**

Pursuant to Local Rule 3.01(b), Defendant International Computer Negotiations, Inc. ("ICN") submits its Memorandum of Law in Opposition to Basyle Tchividjian and Landis Graham French, P.A.'s (collectively, "Landis Graham") Motion to Admit Evidence of Offers of Settlement at Mediation (the "Motion").

Federal Rule of Evidence 408 provides in relevant part that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed . . . is not admissible to prove liability for or invalidity of the claim or its amount." Evidence of offers of settlement are ordinarily not admissible in federal proceedings. *Bank of Am. Nat. Trust and Savs. Assoc. v. Hotel Rittenhouse Assocs.*, 800 F.2d 339,344 (3d Cir. 1986). In fact, Local Rule 9.07(b) specifically provides in relevant

part that "[a]ll proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects.  The proceedings may not be . . . placed into evidence, [or] made known to the trial court . . . ."

However, the fact of whether a defendant seeking attorney's fees in a Title VIII case made an offer to settle with the plaintiff is an issue to consider when assessing attorney's fees against a plaintiff.  *See Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).  Thus, whether ICN ever offered to settle this case is relevant, not what Hudson may have offered to ICN.  It is not in dispute that ICN never made any monetary settlement offers or otherwise to Plaintiff Hudson H. Hudson ("Hudson") in this or the state court matter.

ICN does not believe that Hudson's settlement offers at the federal case mediation or the state case mediation are admissible in this case under Federal Rule of Evidence 408 or Local Rule 9.01(b).  However, if Landis Graham truly believes the settlement offers made on behalf of Hudson at the mediations of walking away in the federal case if ICN walked away in the state case, as stated in their Motion, help their cause under 28 U.S.C. Section 1927, then they can attempt to adduce that testimony at the October 5, 2006, hearing through Mr. Basyle Tchividjian, the Landis Graham attorney on the Hudson matter who attended both mediations.  The Court can then rule upon the admissibility of such at the hearing.  However, Landis Graham's request to adduce live testimony at the hearing from the mediators themselves is unprecedented.  ICN has never heard of mediators testifying at an attorney's fee hearing, and such contemplated testimony is completely contrary to Local Rule 9.07(b).

To the extent Landis Graham's Motion seeks to have the mediators in this case and in the state case testify at the October 5 hearing, the Court should deny that request. If Landis, Graham wishes to adduce any testimony of Hudson's settlement offers made at mediation, it can attempt to do so through its lead attorney on the Hudson case, Mr. Basyle Tchividjian, and the Court can make its ruling as to the admissibility of that testimony at the hearing.

        **LITCHFORD & CHRISTOPHER**
        Professional Association
        Bank of America Center
        390 North Orange Avenue
        Post Office Box 1549
        Orlando, Florida 32802
        Telephone:  (407) 422-6600
        Telecopier:  (407) 841-0325
        Attorneys for Defendant

        By: /s/ G. Steven Fender_____
            G. Steven Fender
            Florida Bar No.: 060992
            gsf@litchris.com

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Basyle J. Tchividjian, Esquire (boz@landispa.com), Craig L. Berman, Esquire (cberman@tampabay.rr.com), Victor L. Chapman, Esquire (victor@bcrlaw.net), and Albert F. Tellechea, Esquire (albert.tellechea@hklaw.com).  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: Kevin H. Hudson, 119 N. Arbor Drive, Ormond Beach, FL 32174-7080.

/s/ G. Steven Fender
G. Steven Fender